### ENGLISH v. HETHERINGTON & BERNER, Inc.

#### No. 5098.

Circuit Court of Appeals, Seventh Circuit.
June 4, 1934.

Rehearing Denied July 13, 1934.

614

Henry I. Green, William G. Palmer, and Oris Barth, all of Urbana, Ill., for appellant.

Charles O. Roemler, of Indianapolis, Ind., and George F. Rearick and Francis G. Rearick, both of Danville, Ill., for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

This action was instituted by appellee, a citizen of Indiana, against appellant, a citizen of Illinois, to recover damages for the alleged breach of a contract wherein it was agreed that appellee's assignor as a sub-contractor would furnish, and appellant would pay for, certain labor and material consisting of the fabrication and installation of the steel required in the erection of a court house at Kokomo, Howard County, Indiana.

The first count of the declaration relied specifically upon the contract, and the second count consisted of the common counts in assumpsit. Appellant under oath filed the general issue and four special pleas in which he contended: (1) That at the time of signing the contract in suit it was orally agreed by the parties that it would not become effective until a pending suit to enjoin the Commissioners of Howard County from building the court house should terminate favorably to the Commissioners; (2) that the contract was signed upon the implied condition that the litigation would terminate favorably and that the court house would be built; (3) that inasmuch as the litigation terminated unfavorably to the Commissioners, and their contract to construct the court house was held to be void, the contract here in issue became impossible of performance by operation of law, and appellant was thereby excused from performance; (4) that the parties hereto, acting under the mutual mistake that the Commissioners had the right to contract for the construction of the court house and believing that the

litigation would be promptly terminated favorably to the construction, entered into the contract in suit which provided that the work contemplated should be done "as the progress of the building requires," and that because of the adverse decision of the Supreme Court of Indiana, no work was required to be done on the building. The case was tried by the court without a jury, and judgment was rendered for appellee in the sum of $6,205.22, and from that judgment this appeal is prosecuted.

SPARKS, Circuit Judge (after stating the facts as above).

Prior to September 6, 1927, the Commissioners and the County Council of Howard County had taken steps toward the erection of a court house, and on that date a taxpayers' injunction suit was instituted contesting their authority to erect the building. On December 14, 1927, the contract for constructing the building was entered into by appellant and the Board of Commissioners. The taxpayers' suit was afterwards heard, and the injunction was denied on March 10, 1928. This decree was affirmed by the Appellate Court of Indiana on December 20, 1929, State ex rel. Kautz v. Commissioners of Howard County, 169 N. E. 364, but was later reversed by the Supreme Court of that state on March 13, 1933, 184 N. E. 780.

On December 16, 1927, the instrument in suit was executed by appellee's assignor, the Robert Berner Structural Steel Company, referred to therein as the Sub-Contractor, and by appellant under the name of English Brothers, referred to therein as the Contractor. For a proper determination of the questions here presented it is necessary to consider only certain provisions of the contract which are set out in the margin.[1] It was stipulated that appellee had not furnished appellant any material F.O.B. Indianapolis, or made shipment of any kind to appellant for the construction of the court house, and it is uncontroverted that while the old court house was demolished, there was no work done in constructing the new one, because of the result of the state litigation.

We are first confronted with appellee's motion to dismiss the appeal, or in the alternative, to affirm the judgment, because the record presents no reviewable question. This contention is based upon the assumed premise that the alleged errors upon which appel-

---

[1] "Article I. The Sub-Contractor shall and will provide all the materials and perform all the work for the structural steel runway rings and covers, skylight framing and flag poles for the Howard County Court House, as shown on the drawings and described in the specifications prepared by Cook and Sholer, Architect for said building.

"Article II. It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of said Architect, and that ——— decision as to the true construction and meaning of the drawings and specifications shall be final. It is also understood and agreed by and between the parties hereto that such additional drawings and explanations as may be necessary to detail and illustrate the work to be done are to be furnished by said Architect, and they agree to conform to and abide by the same as far as they may be consistent with the purpose and intent of the original drawings and specifications referred to in Art. I.

"Article III. Should the Contractor, Architect, or any governmental authority, at any time prior to the completion of this contract, require any alteration, addition or omission, the value of the same shall be added to or deducted from the total payment stipulated in this contract, as the case may be, at a fair and reasonable value

uation to be agreed upon in writing in advance.

"Article VI. The Sub-Contractor shall complete the several portions, and the whole of the work comprehended in this agreement by and at the time or times hereinafter stated, towit: As the progress of building requires. * * *

"Article IX. It is hereby mutually agreed between the parties hereto that the sum to be paid by the Contractor to the Sub-Contractor for said work and materials shall be Sixteen thousand five hundred dollars F.O.B. cars Indianapolis, Freight allowed to Kokomo, subject to additions and deductions as hereinbefore provided, and that such sum shall be paid by the Contractor to the Sub-Contractor in current funds, as follows:

"In monthly estimates, 85% of the value of all work shipped by the 10th of the month following shipment.

"The final payment on this contract shall be made within thirty days after the work included in this contract is completed, but in no event shall any payment on this contract be withheld on account of the omission of a small amount of work which the Seller may be prevented through no fault of its own, from putting in place and completing, but the Buyer shall be permitted to withhold from the payment otherwise then due, the cost of the work remaining to be done."

lant seeks a reversal merely tender questions of fact which cannot be reviewed by this court. We cannot, however, accept the premise because the second, third and fourth special pleas involve the alleged erroneous interpretation of the contract; and the verified general denial and the first special plea present the question of the court's alleged error in rejecting and failing to consider certain oral evidence calculated to prove non-delivery of the contract. These are pure questions of law which are properly raised.

It is contended by appellant with respect to his second, third and fourth special pleas, that the conditions under which the instrument in suit was made, or was to be performed, had wholly failed, whereby he was excused from performance. Aside from the conditions expressed in the contract he relies upon the following alleged implied conditions: (1) That the court house would be constructed; (2) that it would be necessary to provide the materials and perform the work referred to in the contract; and (3) that the state litigation would terminate in the approval of the original contract to construct the building. Those implied conditions are alleged to arise out of Article VI which states that the sub-contractor shall complete the several portions, and the whole of the work, comprehended in the agreement "as progress of building requires." He argues, therefore, that on account of the destruction of the subject matter of the original contract appellee became disabled from performing the subcontract, hence appellant was excused. He further insists that appellee and appellant entered into the subcontract under the mutual mistaken belief that the original contract was valid, where in fact, as a result of the state litigation, the subject matter of the subcontract never existed, hence there was no subcontract.

Appellant's argument is obviously and exclusively based upon Article VI of the contract and the implication which might reasonably arise from the language there used. From that basis he assumes that appellee merely contracted to furnish such material and perform such services as would be required in the construction of the building, and the authorities upon which he relies are those which deal with such a contract. Typical of those cases are Higbie v. Rust, 211 Ill. 333, 71 N. E. 1010, 103 Am. St. Rep. 204; Joliet Bottling Co. v. Brewing Co., 254 Ill. 215, 98 N. E. 263; Minnesota Lumber Co. v. Whitebreast Coal Co., 160 Ill. 85, 43 N. E. 774, 31 L. R. A. 529. But Article VI did not provide for the furnishing of anything. It only provided relatively when the steel work should be completed, that is to say, as the progress of the building required. Article I designated exactly what materials and labor should be furnished, and Article IX stated the consideration which was to be paid by appellant, and it was stated in the aggregate. There were no express conditions imposed and we find nothing in the contract which would warrant us in reading into it the implied conditions upon which appellant relies. The contract in this respect was quite improvident, but appellant had the right to make it, and if he chose not to protect himself by proper limitations he cannot now be heard to complain. He had limited himself to a definite time when the building should be completed, and as a protection to himself against that agreement he contracted with appellee to complete the steel work in such manner as not to delay the progress of the building. This in turn required appellee to have the steel ready when called for. It had to be fabricated, and that process manifestly required time, but the contract was silent as to when that should be done. Appellee is not claiming, nor did the court award it the full amount of the consideration stated in the contract, for full performance had been rendered impossible. But it asked, and the court awarded, damages which accrued to appellee by reason of its outlay and expense in purchasing and fabricating the steel up to the time the contract was declared void.

It is further contended that inasmuch as appellee was a sub-contractor, the subcontract was subject to all the terms and conditions of the principal contract, and since it was rendered impossible of performance, no liability arose under it. The original contract was not incorporated in the subcontract. It was referred to, it is true, but evidently for the mere purpose of indicating what work was to be done and the manner of doing it. In Guerini Stone Co. v. Carlin Construction Co., 240 U. S. 264, 36 S. Ct. 300, 60 L. Ed. 636, it was stated that the true rule was that in the case of subcontracts, as in other cases of express agreements in writing, a reference to an extraneous writing for a particular purpose makes it a part of their agreement only for the purpose specified. We are convinced the trial court properly ruled in not sustaining either of the defenses set up in the second, third or fourth special pleas.

Under the first special plea, appellant offered evidence to the effect that the contract

was delivered upon the parol condition that it was not to be performed until and unless the Supreme Court of Indiana should hold that the injunction should not issue. The trial court rejected and failed to consider this evidence on the ground that the written contract could not be varied by an oral contemporaneous agreement. This we think was error. The evidence was directed to the question of delivery, and for that purpose it was competent and should have been considered by the court. As a general rule an instrument absolute on its face cannot be varied by contemporaneous parol agreements, but evidence that the instrument was not to take effect until the occurrence of some future contingency is admissible to show non-delivery as a present contract. Burke v. Dulaney, 153 U. S. 228, 14 S. Ct. 816, 38 L. Ed. 698; Ware v. Allen, 128 U. S. 590, 9 S. Ct. 174, 32 L. Ed. 563; Bell v. McDonald, 308 Ill. 329, 139 N. E. 613; Kilcoin v. Ortell, 302 Ill. 531, 135 N. E. 16.

The judgment is reversed and the cause remanded with instructions to grant a retrial, and for further proceedings not inconsistent with this opinion.

### On Petition for Rehearing.

■■ The question raised by the appellee in its petition for rehearing is based upon sections 773 and 875, title 28, of the United States Code (28 USCA §§ 773, 875), which as interpreted means that in the absence of special findings the general finding is conclusive upon all matters of fact and prevents any inquiry into the conclusions of law except on the rulings during the progress of the trial which were excepted to and duly preserved by bill of exceptions. In other words, to obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal proposition, or present the propositions of law to the court and obtain a ruling on them.

■ In this case the court had admitted over appellee's objection certain evidence which tended to prove conditional execution of the contract. The record, exclusive of the memorandum opinion, does not disclose that the evidence was received subject to objection, that is to say, that the ruling was reserved. The written opinion, however, states that it was a reserved ruling, and both parties have so treated it, and so shall we.

When the opinion was handed down it contained a ruling of the court to the effect that the evidence was inadmissible and it was stated in effect that the court had not considered it in making its general findings. The opinion in the case before us is made a part of the bill of exceptions. Appellee now urges in effect that the court's opinion constitutes no part of the trial and that the record, exclusive of the opinion, shows that the evidence was admitted, and therefore it must be presumed that it was considered. Generally speaking, the opinion constitutes no part of the record of the trial, but where, as in this case, the court in its written opinion passes on reserved questions of law, such as the admissibility of evidence, we think that it is quite clear that the opinion to that extent does become a part of the trial record and should be considered.

■ It is true that neither party requested special findings of fact, but it is also true that appellant tendered the question of law to the court, relative to the admissibility of the evidence, when the evidence was offered, and he received a favorable ruling and the evidence was admitted. From that time until the written opinion was filed there was no basis for an exception by appellant because the ruling was in his favor. Upon the filing of the opinion appellant promptly filed his motion for a new trial presenting the alleged erroneous ruling of law with respect to the admissibility of the evidence. That motion was overruled, and to that ruling appellant properly saved an exception. Under these circumstances we think the error was properly presented.

We think it would be conducive to good practice if reserved questions of law occurring at trial were noted and ruled upon before the time of final decision of the case on its merits. However, practice quite generally has been otherwise, and it has been acquiesced in by counsel.

The petition for rehearing is overruled.